# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY,<br><br>        Plaintiff,<br><br>   v.<br><br>LOS ANGELES COUNTY JAIL<br>MEDICAL DEPT., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01166-OWW-NEW (DLB) PC<br><br>ORDER STRIKING PARTIAL AMENDMENT AND EXHIBITS<br><br>(Doc. 11)<br><br>ORDER DENYING MOTIONS FOR CLASS ACTION STATUS, LAW LIBRARY ACCESS, AND TO ADD A PLAINTIFF<br><br>(Docs. 12, 14, and 15) |

I.    Amendment and Exhibits Filed August 16, 2007

Plaintiff Thomas D. Braley ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action July 23, 2007, and on August 16, 2007, filed a partial amendment to the complaint with exhibits. Plaintiff may not amend his complaint piecemeal. Any amended complaint filed must be complete within itself without reference to the prior complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 15-220. Because plaintiff may not amend in the manner he is attempting to amend, his filing and exhibits of August 16, 2007, shall be stricken from the record.

II.    Class Action Status

On August 21, 2007, plaintiff filed a notice indicating this is a class action in which two other prisoners are joining. Plaintiff is not an attorney and is proceeding without counsel. A non-attorney

1

proceeding pro se may bring his own claims to court, but may not represent others.  <u>Fymbo v. State Farm Fire & Casualty Co.</u>, 213 F.3d 1320, 1321 (2000); <u>Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997); <u>C. E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987).  A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); <u>Fymbo</u>, 213 F.3d at 1321.  Therefore, this action will continue to be treated as an individual civil suit brought by plaintiff rather than as a class action.

III.    <u>Law Library Access</u>

On September 13, 2007, plaintiff filed a request for a court order allowing him four hours per week of law library access.  The court has no jurisdiction to order prison officials to provide plaintiff with access to the law library.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006); <u>Gomez v. Vernon</u>, 255 F.3d 1118, 1128 (9th Cir. 2001).  Plaintiff's motion is denied.

IV.    <u>Joinder of Other Inmates</u>

On September 20, 2007, plaintiff filed a motion seeking to have two other prisoners joined as plaintiffs in this action.  In the court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and other unincarcerated individuals.  Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion.  Accordingly, plaintiff's motion to join inmates Maestas and Summers is denied.

V.    <u>Order</u>

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's partial amendment and exhibits filed August 16, 2007, are STRICKEN from the record;

2. Plaintiff's motion for class action status, filed August 21, 2007, is DENIED;

3. Plaintiff's motion to law library access, filed September 13, 2007, is DENIED; and

4. Plaintiff's motion for joinder of two other inmates, filed September 20, 2007, is DENIED.

IT IS SO ORDERED.

Dated:  **October 9, 2007**           /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE