**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY, | CASE NO. 1:07-cv-01166-OWW-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| LOS ANGELES COUNTY JAIL MEDICAL DEPT., et al., | (Doc. 44) |
| Defendants. / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.      Procedural History**

Plaintiff Thomas D. Braley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132 (Americans with Disabilities Act).  Plaintiff filed this action on July 23, 2007.  On April 30, 2008, the Court dismissed Plaintiff's complaint with leave to amend for failure to comply with Federal Rule of Civil Procedure 8(a).  Plaintiff filed an amended complaint on June 27, 2008, which was dismissed by the Court on July 2, 2008.  Pending before the Court is Plaintiff's second amended complaint, filed August 25, 2008.

**II.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

1    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

7    exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

8    506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

9    plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

10   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

11   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

12   standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330

13   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

14   of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

15   (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

16   **III.    Second Amended Complaint**

17        **A.    Claims Which Accrued After Suit Filed**

18        Plaintiff was transferred to Wasco State Prison on May 31, 2007, and filed this action on July

19   23, 2007.  Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

20   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

21   confined in any jail, prison, or other correctional facility until such administrative remedies as are

22   available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion must occur *prior* to filing suit.

23   McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  The section 1997e(a) exhaustion

24   requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532

25   (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal

26   standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth

27   v. Churner, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's administrative

28   process, regardless of the relief sought by the prisoner and regardless of the relief offered by the

1    process, as long as the administrative process can provide some sort of relief on the complaint stated.

2    Booth, 532 U.S. at 741.

3        As Plaintiff was informed in the Court's previous screening order, in light of section

4    1997e(a), Plaintiff may not pursue claims that arose after this suit was filed.  In a "conflict between

5    Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted

6    statute to the extent of the conflict."  Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000).  Rule 15

7    "does not and cannot overrule a substantive requirement or restriction contained in a statute

8    (especially a subsequently enacted one)."  Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th

9    Cir. 2003) (citing Harris for this proposition with favor).  Allowing Plaintiff to pursue claims which

10   accrued after this suit was filed would allow Plaintiff to thwart the mandate of section 1997e(a),

11   which requires that claim exhaustion occur prior to filing suit and not during the pendency of the

12   suit.  McKinney, 311 F.3d at 1199-1201.

13       Therefore, the claims in this action are limited to those which arose between May 31, 2007,

14   and July 23, 2007, and allegations concerning events which occurred after July 23, 2007, are not

15   considered.

16       **B.      Eighth Amendment Medical Care Claims**

17       Plaintiff injured his left elbow, foot, and ankle in Los Angeles in December of 2005.  Plaintiff

18   was arrested on January 15, 2006, and while in custody in Los Angeles, Plaintiff's left foot and ankle

19   injuries were aggravated on April 23, 2007.  On May 31, 2007, Plaintiff was transferred to Wasco

20   State Prison, and on June 5, 2007, a nurse stated that Plaintiff's elbow was infected and indicated

21   that after x-rays were taken, Plaintiff would be seen by a doctor.  X-rays of Plaintiff's foot and left

22   elbow were taken on June 11, 2007.  Thereafter, Plaintiff attempted to obtain emergency care for his

23   elbow but was not successful.

24       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

25   must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

26   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

27   test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

28   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

1  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

2  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

3  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

4  Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a

5  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

6  by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).   Deliberate indifference may be

7  manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or

8  it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin

9  at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical

10  treatment, the delay must have led to further harm in order for the prisoner to make a claim of

11  deliberate  indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd.

12  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

13      Plaintiff's allegations concerning his medical needs between May 31, 2007, and July 23,

14  2007, do not support a viable Eighth Amendment claim.  "Deliberate indifference is a high legal

15  standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison

16  official must not only 'be aware of the facts from which the inference could be drawn that a

17  substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057

18  (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was

19  not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.

20  (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Plaintiff's

21  allegations do not support a claim that he had a serious medical need or that any of the named

22  defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511

23  U.S. at 837. Although Plaintiff describes the situation as an emergency, there are no facts supporting

24  the existence of a need for emergency medical treatment or that any delay in treatment caused further

25  harm to Plaintiff.  Plaintiff's disagreement with the assessment of his medical need by staff does not

26  support an Eighth Amendment claim, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), and

27  the Court recommends dismissal of the medical care claims which accrued between May 31, 2007,

28  and July 23, 2007, with prejudice, for failure to state a claim.

1    **C.      ADA Claim Against Defendant LaCrosse**

2         Plaintiff also alleges that he was in a wheelchair and housed in a unit without a shower ramp,

3    in violation of his rights under Title II of the Americans with Disabilities Act (ADA), which

4    "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th

5    Cir. 2002).   Plaintiff filed a request for accommodation, and on June 11, 2007, was told by

6    Defendant LaCrosse that he would be moved by 5:00 p.m.  Plaintiff remained in that unit until June

7    14, 2007, at which time he was informed by Sergeant Rivera that he was going to the only unit with

8    a shower ramp, which was in administrative segregation.  During a classification hearing on June

9    15, 2007, Captain Lacy told Plaintiff that he should not have been sent to administrative segregation,

10   and Plaintiff was moved to a different unit.  On June 17, 2007, Plaintiff came out for showers and

11   when a correctional officer saw him, he told Plaintiff to stay right there because he was not supposed

12   to be in that building in a wheelchair.  Plaintiff was then interviewed by Sergeant Henderson and sent

13   to a different building.

14        Title II provides that "no qualified individual with a disability shall, by reason of such

15   disability, be excluded from participation in or be denied the benefits of the services, programs, or

16   activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title

17   II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey,

18   118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997);

19   Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a violation of Title II of the

20   ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was

21   excluded from participation in or otherwise discriminated against with regard to a public entity's

22   services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his]

23   disability." Lovell, 303 F.3d at 1052.  Further, "[t]o recover monetary damages under Title II of the

24   ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the

25   ///

26

27

28

1   defendant," and the standard for intentional discrimination is deliberate indifference.[1]   Duvall v.

2   County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

3            "'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination

4   by any such entity.'"   Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at

5   *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).

6   "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any

7   department, agency, special purpose district, or other instrumentality of a State or States or local

8   government.'"   Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)).   Public

9   entity, "'as it is defined within the statute, does not include individuals.'"   Id. (quoting Alsbrook v.

10  City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).   Thus, individual liability is precluded

11  under Title II of the Americans with Disabilities Act, and Plaintiff may not pursue an ADA claim

12  against Defendant LaCrosse.   Further, Plaintiff's allegations do not support a claim that his was

13  intentionally discriminated against by the prison.   At most, Plaintiff has demonstrated that he was

14  initially shuffled between housing units in an attempt to place him in an appropriate unit to

15  accommodate his wheelchair, actions which were taken in response to Plaintiff's request for a

16  reasonable accommodation.   These facts do not support an ADA claim, and the Court recommends

17  dismissal of the claim, with prejudice.

18  **IV.      Conclusion and Recommendation**

19           Plaintiff's second amended complaint does not state any cognizable claims for violation of

20  the Eighth Amendment or the ADA.   Plaintiff was previously provided with the applicable legal

21  standards and notified of the need to allege facts linking the named defendants to a violation of his

22  rights under federal law.   (Docs. 35, 41.)   Despite two opportunities to amend, Plaintiff has not been

23  able to state a viable claim under federal law and justice does not require further leave to amend.

24  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Accordingly, the Court HEREBY

25  RECOMMENDS dismissal of this action, with prejudice, for failure to state any claims.

26

27           [1] Because Plaintiff is no longer housed at Wasco State Prison, only money damages are available in this

28  action.   Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995);
    Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

1    These Findings and Recommendations will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

3  **days** after being served with these Findings and Recommendations, Plaintiff may file written

4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

6  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

7  1153 (9th Cir. 1991).

8

9

10    IT IS SO ORDERED.

11    **Dated:     February 3, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28